COURT OF APPEALS
DECISION
DATED AND FILED

June 22, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1077-CR**

Cir. Ct. No. **2016CF3247**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CURTIS VON BROWN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed.*

Before Brash, P.J., Blanchard and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Curtis Von Brown appeals a judgment convicting him of one count of first-degree reckless homicide with use of a dangerous weapon, as a party to a crime, and one count of unlawfully possessing a firearm as a convicted felon.  Brown also appeals an order denying his postconviction motion.  Brown argues that:  (1) his trial counsel ineffectively represented him by failing to call his cousin Robert Farrow as a witness at trial; (2) his trial counsel ineffectively represented him by failing to fully investigate and adequately argue to the jury potential inconsistencies in video evidence; and (3) the circuit court's findings of fact during the postconviction motion hearing were clearly erroneous.  Upon review, we affirm.

¶2     Jovanni Sims was shot to death outside Elim's Lounge in Milwaukee on July 18, 2016.  After a trial, the jury found Brown guilty of the charges against him.  Brown moved for postconviction relief, arguing that he received ineffective assistance of trial counsel.  The circuit court denied the motion after an evidentiary hearing.

¶3     To prove a claim of ineffective assistance of counsel, a defendant must show that his or her counsel performed deficiently and that this deficient performance prejudiced him or her.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Counsel's performance is deficient only if it falls "below … objective standard[s] of reasonableness." *State v. Carter*, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695 (citation omitted).  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  To show prejudice, "the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Carter*, 324 Wis. 2d 640, ¶37 (citation omitted).  A reviewing court may

dispose of a claim of ineffective assistance of counsel on either ground. ***Strickland***, 466 U.S. at 697.

¶4      Brown first argues that his trial counsel, Attorney Patrick Flanagan, ineffectively represented him by failing to call Farrow as a defense witness at trial. Brown contends that Farrow, who was with him at Elim's Lounge on the evening of the shooting, would have testified that he did not see Brown shoot Sims.

¶5      Attorney Flanagan testified at the evidentiary hearing that he decided not to call Farrow because Farrow's testimony was not consistent with Brown's theory of the defense—that Brown was not at Elim's Lounge the evening Sims was shot. Attorney Flanagan explained that Brown did not want him to concede that Brown was present at the scene when Sims was killed, but instead wanted to make the State prove that fact to the jury. Attorney Flanagan also testified that he decided not to call Farrow as a witness because he concluded that Farrow's testimony would have assisted the State in proving that Brown had a *motive* to kill Sims because Farrow was on the record as having said that all of the following occurred, leading up to the time Sims was shot: Brown and Sims were arguing at Elim's Lounge, Farrow tried to break up the fight between Brown and Sims, and Brown continued arguing with Sims.

¶6      In addition to these problems with Farrow's testimony, Attorney Flanagan testified that he concluded that Farrow's credibility could be attacked for two reasons. First, Farrow was Brown's cousin and, therefore, could have been perceived as biased. Second, Farrow had eight to ten prior convictions in Wisconsin, which might lead the jury to discount his credibility. Attorney Flanagan testified that he and Brown "made the strategic choice that we weren't going to call somebody who was going to put [Brown] outside fighting and arguing with [Sims]

right before the shots rang out," especially because Farrow's testimony was of limited value to Brown in that Farrow did not see who actually shot Sims.

¶7 Attorney Flanagan's postconviction hearing testimony shows that he made a reasonable strategic decision not to call Farrow. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Brown has failed to overcome the presumption that Attorney Flanagan's decision not to call Farrow was not a reasonable exercise of professional judgment. *See id.* Therefore, Flanagan did not perform deficiently by choosing not to call Farrow as a witness.

¶8 Brown next argues that Attorney Flanagan provided him with constitutionally ineffective assistance by failing to fully investigate and adequately argue to the jury potential inconsistencies in video evidence with regard to the color of the shoes the shooter was wearing. Video was presented at trial from inside and outside Elim's Lounge and from the Milwaukee Women's Correctional Center, which was across the street from Elim's Lounge. Brown does not specify which video he is referring to in his appellate brief and does not indicate the portion of the videos to which he refers. He also provides no specific citations to the record. Therefore, we will not address this argument. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (we may decline to review issues that are inadequately briefed).

¶9 Finally, Brown argues that the circuit court's findings of fact from the postconviction motion hearing were clearly erroneous. These arguments are meritless. First, Brown contends that the circuit court erroneously found that Farrow's position that he did not see the "actual killer" fire his weapon rendered the rest of Farrow's testimony incredible. Brown's assertion misstates the circuit

court's factual finding. The circuit court did not say that Farrow's testimony was incredible. The circuit court said that it was "somewhat concerning" that Farrow's statements to the defense investigator were "somewhat inconsistent," but "not enormously inconsistent" with Farrow's testimony at the evidentiary hearing.

¶10 Second, Brown contends that the circuit court erroneously found that Brown cannot show prejudice because Farrow did not contact the police in Missouri, where Farrow was living when he became aware that Brown had been arrested for the homicide. Again, Brown misstates the circuit court's ruling. Moreover, this is a legal conclusion, not a finding of fact.

¶11 Third, Brown contends that the circuit court erroneously found that Attorney Flanagan reasonably decided not to call Farrow solely due to Farrow's extensive criminal record. Once again, the circuit court made no such finding. The circuit court simply noted, when recounting Attorney Flanagan's reasons for not calling Farrow as a witness, that "Mr. Flanagan was also aware that Mr. Farrow … had a long record in Wisconsin, about 10 to 12 convictions, [and] that he may have had convictions in another state."

¶12 Fourth, Brown argues that the circuit court "erroneously applied the standard for deficient performance." This argument conflates the standards of review for factual findings and legal conclusions. It does not warrant additional discussion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.